IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONNA ATAMIAN                                                                                    PLAINTIFF

VS.                                          CIVIL NO. 06-3030

MICHAEL J. ASTRUE[1],
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## MEMORANDUM OPINION

Donna Atamian ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court was filed on February 3, 2000, alleging an onset date of April 6, 1999, due to lower back pain, carpal tunnel syndrome, and depression. (Tr. 94, 108, 277, 306). An administrative hearing was held on June 26, 2001. (Tr. 35-70). The ALJ issued an unfavorable decision on September 24, 2001. Following the Appeals Council's refusal to review plaintiff's case, she appealed it to this court. On December 17, 2003, the case was remanded to the Commissioner for further proceedings. (Tr. 384-392). A supplemental hearing was then held on June 9, 2004. Plaintiff was present and represented by counsel.

The ALJ issued a written decision on July 15, 2004, finding that plaintiff was not disabled within the meaning of the Act. (Tr. 305-317). He concluded that, while plaintiff's depression and

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

mild degenerative disc disease were "severe" within the meaning of the Regulations, they did not meet or medically equal an impairment contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 316). The ALJ then determined that plaintiff retained the residual functional capacity ("RFC") to perform light level work requiring only incidental contact with the general public and simple one or two step tasks. As plaintiff's past work as a poultry deboner and poultry eviscerator did not require the performance of work-related activities precluded by her RFC, the ALJ determined that plaintiff was not disabled. (Tr. 316-317).

At the time of the ALJ's decision, on July 15, 2004, plaintiff was forty-five years old and possessed a high school education. (Tr. 94, 114, 218, 306). Plaintiff indicated that she had been enrolled in one special education class while in school, namely reading. Records indicate that she has past relevant work ("PRW") experience as a poultry deboner and poultry eviscerator. (Tr. 306).

On March 31, 2006, the Appeals Council declined to review this decision. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

3

given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Because a social security hearing is a non-adversarial proceeding, the ALJ is under an affirmative duty to fully and fairly develop the record. 20 C.F.R. §404.944; *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984). That duty includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

This court previously remanded the case to the Commissioner for further development of the record concerning the mental RFC assessment prepared by Dr. Donald Clay, a staff psychologist at the Ozark Guidance Center. Dr. Clay indicated that plaintiff suffered from major depression and had a guarded prognosis. (Tr. 264-266). He concluded that her chronic depression, anxiety, and low tolerance for frustration would constantly interfere with her attention and concentration and render her incapable of performing even a low stress job. Dr. Clay noted marked limitations regarding plaintiff's ability to remember locations and work-like procedures; understand, remember, and carry out detailed instructions; and, complete a normal workday or work week without psychological distractions. (Tr. 259-261). Further, he found plaintiff to have moderate limitations in the areas of understanding, remembering, and carrying out short and simple instructions; maintaining attention and concentration for extended periods of time; performing activities within a schedule; sustaining

AO72A
(Rev. 8/82)

an ordinary routine without special supervision; working in coordination with or proximity to others without being unduly distracted by them; making simple work-related decisions; interacting appropriately with the general public; asking simple questions or requesting assistance; accepting instructions and responding appropriately to criticism; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; maintaining socially appropriate behavior; adhering to basic standards of neatness and cleanliness; responding appropriately to changes in work settings; and, setting realistic goals or making plans independently of others.

In his original opinion, the ALJ dismissed Dr. Clay's opinion, stating that there was no evidence to show that Dr. Clay had ever treated the plaintiff. (Tr. 21). However, after reviewing the entire record, the court determined that the ALJ's assumption was incorrect, as records indicated that plaintiff was a patient at the Ozark Guidance Center. On remand, the ALJ reevaluated the evidence but again concluded that Dr. Clay's opinion was not entitled to treating physician weight because there was no evidence to suggest that Dr. Clay actually treated plaintiff. (Tr. 315). Further, the ALJ determined that Dr. Clay's opinion was insufficient because he had failed to point to any evidence to support his contention that plaintiff was disabled. (Tr. 315).

We note, however, that Dr. Clay's opinion does indicate that plaintiff was unable to work due to her chronic depression, anxiety, and low tolerance for frustration. The record also reveals that plaintiff suffered from frustration, as well as chronic hopelessness and helplessness. (Tr. 271-272, 466-475, 499-501, 511-513, 515, 518-519, 520, 523, 525-526). In fact, her highest Global Assessment of Functioning score was 52 in June 2003. (Tr. 504). By January 2004, her score had dropped to 38. (Tr. 499-501, 511-513, 526). A global assessment of functioning of thirty-eight is

5

indicative of some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV 34 (4th ed. Revised 2000).

In spite of this evidence supporting Dr. Clay's assessment, on remand, the ALJ did not attempt to obtain clarifying information from Dr. Clay. As such, we believe that remand is necessary to allow the ALJ to clarify the record concerning Dr. Clay's mental RFC assessment. In so doing, he should submit written interrogatories to Dr. Clay, asking him to explain the basis of his opinion as well as provide information concerning his treatment of plaintiff. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 20th day of April 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE