IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONNA ATAMIAN                                                    PLAINTIFF


        v.                              CIVIL NO. 06-3030


MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                  DEFENDANT

## O R D E R

        Plaintiff Donna Atamian appealed the Commissioner's denial of benefits to this court.

On April 20, 2007, judgment was entered remanding plaintiff's case to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 10).  Plaintiff now moves for an award

of $3,675.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act

(hereinafter "EAJA"), requesting compensation for 26.60 hours of work before the court at an

hourly rate of $125.00, and $350.00 in expenses.  (Doc. # 11-14).  The defendant has filed a

response, objecting to certain hours claimed. (Doc. # 15).

        Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).

Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of
the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne
B. Barnhart as the defendant in this suit.

for further proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*,* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff's counsel requests attorney's fees under the EAJA at an hourly rate of $125.00. We find plaintiff's counsel entitled to compensation at this rate.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks a total of 3.50 hours of work from May 15, 2006, through May 23, 2006. The Complaint was not filed in this court until May 31, 2006. (Doc. # 1). We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 hours. Accordingly, 1.50 hours must be deducted from the total compensable time sought by counsel.

Defendant argues that certain hours submitted on May 31, 2006, June 6, 2006, June 12, 2006, January 4, 2007 and April 20, 2007, should be deducted because the work could have been performed by support staff. We find that the 0.10 hour submitted on May 31, 2006 (read and review notice of electronic filing), should be deducted by 0.10 hour; the total of 0.20 hour submitted on June 6, 2006 (read and review consent to Magistrate and letter with signed consent to Magistrate to U.S. Clerk), should be deducted by 0.10 hour; the total of 0.30 hour submitted on June 6, 2006, (letters to the Commissioner, Attorney General and U.S. Attorney), should be deducted by 0.30 hour; the 0.20 hour submitted on June 29, 2006 (affidavit of service and filing), should be deducted by 0.10 hour; 0.10 hour on September 5, 2006 (electronically file plaintiff's brief), should be deducted by 0.10 hour; and the 0.10 hour on September 6, 2006 (letter to client with enclosed brief), should be deducted by 0.10 hour. This time cannot be compensated, in full, under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the

4

EAJA). Accordingly, 0.80 hour must be deducted from the total compensable time sought by counsel.

We find that the 2.50 hours plaintiff's counsel seeks on May 28, 2007 (draft motion for attorneys fees, plaintiff's affidavit and assignment and affidavit and memorandum), to be excessive and deduct 1.00 hour.

Plaintiff's counsel seeks a total of 15.00 hours for reviewing the transcript, researching and writing plaintiff's appeal brief. The transcript in this particular case was long and while there were no unique or complex issues to be developed we will grant plaintiff's counsel the full time requested. However, as stated above, plaintiff's counsel is supposed to keep contemporaneous record of the time he spends on a case. The court notes that, like this particular case, plaintiff's counsel's previous time sheets for other cases all include the following: 2.00 hours to review and itemize medical records; 3.00 hours to read the transcript and review file for argument; 3.00 hours to research case law, POMS, Social Security Regulations; 2.00 draft brief; and 5.00 draft and edit brief. This canned time will not be accepted with future petitions for fees and plaintiff's counsel is reminded to keep records of the time he spends in each particular case.

Finally, counsel seeks reimbursement for $350.00 in expenses incurred with regard to the filing fee. Such expenses are recoverable under the EAJA and we find $350.00 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 23.30 (26.60-3.30) hours for attorney's fees, at the rate of $125.00 per hour, and $350.00 in expenses for a total attorney's fee award of $3,262.50. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

AO72A
(Rev. 8/82)

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 16th day of July 2007.

/s/   *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

6

AO72A
(Rev. 8/82)